IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| VIDA R. GATLING, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 15-3723 |
| ASHTON B. CARTER, SECRETARY, DEPARTMENT OF DEFENSE, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending in this disability discrimination case is Defendants' motion to dismiss the amended complaint, or in the alternative, for summary judgment (ECF No. 23) and Plaintiff's motion to for leave to file a second amended complaint (ECF No. 21). The relevant issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Plaintiff's motion to amend is GRANTED and Defendant's motion to dismiss is GRANTED.

## I.      BACKGROUND[1]

### A.  Factual Background

Plaintiff Vida R. Gatling ("Plaintiff") was employed by the United States Department of Defense (the "Agency") as a GS-7 "Credentials Coordinator" at the Walter Reed National Military Medical Center ("WRNMMC") in Bethesda, Maryland from August 14, 2011 until her

---

[1] Unless otherwise noted, the facts here are construed in the light most favorable to the Plaintiff, the nonmoving party.

retirement in 2013. Her job involved reviewing applications and providing recommendations as to whether medical providers should have hospital privileges at WRNMMC. Before August 14, 2011, Plaintiff worked at Walter Reed Army Medical Center in Washington, D.C. ECF No. 9 at 12.

In 2009, Plaintiff was diagnosed with possible "Demyelinating Disease, Vasculitis, or Post Infect." ECF No. 9 at 6. On November 2, 2009, Plaintiff's office manager, Elain Fleming ("Fleming"), brought to Plaintiff's attention that she had made a "big mistake, HUGE," involving her filing duties. ECF No. 9 at 6. Upset about being reprimanded, Plaintiff contacted the administrative office and was advised to first speak with her supervisors for assistance and then, if Plaintiff's issues remained unresolved, file an equal employment opportunity ("EEO") complaint. ECF No. 9 at 6 (citing ECF No. 1-6 at 6). On November 3, 2009, Plaintiff was again criticized for allegedly making another filing error, this time by her supervisor, Cynthia Contreras ("Contreras"). ECF No. 9 at 7.

On February 24, 2010, Plaintiff informed Fleming and Contreras of her health issues. ECF No. 9 at 7. Her supervisors advised her to take leave pursuant to the Family and Medical Leave Act ("FMLA") and, for an unknown reason, stated to Plaintiff that she may need to look for employment elsewhere. ECF No. 9 at 7. Plaintiff alleges that she was unable to take leave due to personal financial constraints. ECF No. 9 at 7–8.

On March 7, 2010, Plaintiff was hospitalized for symptoms of her mental disability. ECF No. 9 at 8. After Plaintiff was released from the hospital, she could not work past 5 p.m. without doctor's permission. ECF No. 9 at 8. On March 17, 2010, Contreras asked Plaintiff if she could work past 5 p.m. in a rude and disrespectful manner, and in response, Plaintiff suffered a panic

attack and was again hospitalized. ECF No. 9 at 9. Plaintiff was fully released from hospital care on April 9, 2010. ECF No. 9 at 9. Plaintiff then returned to work.

On June 22, 2010 Plaintiff was again hospitalized due to her mental illness. ECF No. 9 at 11. Plaintiff then took FMLA leave from June 2010 to September 2010. Upon her return, Plaintiff was provided different responsibilities to accommodate her mental-health disorders. ECF No. 9 at 11–12. On April 8, 2011, Plaintiff requested an accommodation to work four days per week, ECF No. 9 at 12; ECF No. 1-14, which Fleming approved, ECF No. 9 at 13.

On August 14, 2011, Plaintiff was assigned to work at Walter Reed National Navy Medical Center. ECF No. 9 at 12. Plaintiff requested an accommodation for a four-day work week, which was denied. ECF No. 9 at 13. On November 29, 2011, Plaintiff requested a transfer out of her current department, and this request was also denied. ECF No. 9 at 14.

On November 22, 2011, Plaintiff was told by Contreras that socializing in the office should be curtailed. Then on December 16, 2011, Plaintiff's request for FMLA leave was denied. ECF No. 9 at 14. Plaintiff then requested an accommodation to work from home, which required additional medical documentation. ECF No. 9 at 15.

On January 26, 2012, Plaintiff's workload was increased because she carried a substantially lower caseload than her co-workers. ECF No. 9 at 15. Plaintiff then suffered relapses related to her mental illness on January 27, 2012, February 8, 2012, and February 14, 2012. ECF No. 9 at 15-16. In response, Plaintiff's doctor confirmed in writing that Plaintiff should work from home two to three days a week to accommodate her disability. ECF No. 9 at 16. The Agency did not accommodate Plaintiff's request. ECF No. 9 at 18. As a consequence, Plaintiff retired on disability in 2013. ECF No. 9 at 18.

**B.  Procedural History**

Plaintiff timely met with an EEO counselor on April 27, 2012. ECF No. 23-14. On June

18, 2012, Plaintiff filed a formal EEO complaint. *Id.* The issues accepted for investigation were

whether the Agency discriminated against Plaintiff based on her mental-health disability when:

> (a) On or about January 26, 2012. [her] immediate supervisor
> singled [her] out and informed [her] that [she] would receive a
> heavier workload because [she] was too social and gregarious
> on the job;
> (b) On or about March 2012, [she was] in a hostile work
> environment that interfered with [her] work performance; and
> (c) On or about April 13, 2012, [she was] informed by
> management, without written notification, that [her] request for
> an accommodation was being denied.

ECF No. 23-15. Plaintiff requested a hearing before an EEOC administrative judge, and the

Agency moved for a decision without a hearing, which Plaintiff did not oppose. ECF No. 23-17

at 11. The administrative judge granted the Agency's motion via a transcribed bench decision

and found no evidence that the Agency failed to accommodate Plaintiff, ECF No. 23-17 at 48 or

that she was discriminated against on the basis of her disability. ECF No. 23-17 at 54.

Prior to final action[2] by the Agency, Plaintiff noted an appeal to EEOC's Office of

Federal Operations (the "OFO") on April 2, 2015. ECF No. 23-18. After she filed her appeal, the

Agency adopted the administrative judge's decision without modification on June 10, 2015 and

sent notice of its adoption to Plaintiff. ECF No. 23-19. On or about October 2, 2015, Plaintiff

---

[2] *See* 29 C.F.R. § 1614.110(a) ("When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision.").

withdrew her appeal before the OFO took any action thereon. ECF No. 23-20. In response, on

October 14, 2015, the OFO advised Plaintiff that her appeal was being administratively closed at

her request. ECF No. 23-21. She then filed her complaint in this Court on December 7, 2015.

ECF No. 1. On February 8, 2016, Plaintiff amended her complaint, dismissing the Department of

Defense and Secretary of Defense and adding as defendants Jeff Fennewald, Cynthia Contreras,

Scott Itzkowitz, and Philip Boyar—Plaintiff's first, second, third-line supervisors, and a human

resources employee, respectively. ECF No. 9 at 2–3.

Liberally construed, Plaintiff's Amended Complaint asserts claims under the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101 *et. seq.* (ECF No. 9 at 1), the

Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797 (ECF No. 9 at 1), the Family and Medical

Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 691 *et seq.* (ECF No. 9 at 24), and 42 U.S.C. § 1983

(ECF No. 9 at 22–23). Plaintiff claims that prior to her disability retirement from federal

employment, the Agency failed to reasonably accommodate her mental-health disorders because

the Agency assigned her additional work and reprimanded her for socializing excessively in the

workplace. Plaintiff also contends that this same alleged conduct constitutes harassment on the

basis of her disability.

## II.   ANALYSIS

### A.  Plaintiff's Motion to Leave to File a Second Amended Complaint

Plaintiff moves to amend her first Amended Complaint. ECF No. 21 at 2. She states "I

am dismissing my case against the individual defendants for I had no right to bring private action

in the district court . . . that are [n]ot [p]roper [d]efendants. I will now pursue the head of the

involved federal agency." The Court will grant Plaintiff's motion and will dismiss Defendants

Jeff Fennewald, Cynthia Contreras, Scott Itzkowitz, and Philip Boyar.

**B.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant Carter argues that the Court lacks subject matter jurisdiction because Plaintiff filed this action over 90 days after the Agency's final action, and she withdrew her appeal before 180 days and before the OFO issued a final decision.[3]

**1.  Standard of Review**

Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). At the motion to dismiss stage, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. A court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. When the jurisdictional facts are intertwined with questions of law, however, it may be appropriate to resolve the entire factual dispute at a later proceeding on the merits. *See United States v. North Carolina*, 180 F.3d 574, 580–81 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 488 (E.D.Va. 2000).

---

[3] Defendant Carter argues alternatively that he is entitled to summary judgment because the Plaintiff cannot demonstrate a prima facie case for failure to accommodate or disability discrimination. ECF No. 23-1 at 25, 32. Because the Court lacks subject matter jurisdiction, the Court will not address the Defendant's substantive arguments.

### 2.  Exhaustion of Administrative Remedies

Plaintiff's Rehabilitation Act claim is governed by the exhaustion requirements and filing procedures applicable to Title VII claims against federal employers. *Kim v. Potter*, No. CIV.A DKC 09-2973, 2010 WL 2253656, at *4 (D. Md. June 2, 2010), *aff'd*, 416 F. App'x 297 (4th Cir. 2011) (citing 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.103(a)). Before a federal civilian employee may file suit in federal court under the Rehabilitation Act, she must first exhaust her administrative remedies. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 462 (D. Md. 2002) (citing 42 U.S.C. § 2000e–16(c); *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976); *Zografov v. V.A. Medical Center*, 779 F.2d 967, 968–69 (4th Cir. 1985)). Failure to exhaust "deprives the federal courts of subject matter jurisdiction over the claim." *Kim*, 2010 WL 2253656, at *4; *accord Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138–40 (4th Cir. 1995)); *Melendez v. Sebelius*, 611 F. App'x 762, 764 (4th Cir. 2015).

A federal employee such as Plaintiff must pursue the following administrative avenues for relief prior to filing suit.  The employee must first contact an EEO counselor to initiate an informal complaint within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If informal counseling is unsuccessful, the employee must file a formal complaint with the agency that allegedly discriminated against the employee within 15 days of receiving notice to do so. 29 C.F.R. § 1614.106(a) & (b). The formal administrative complaint must be in writing, identify the parties, and describe "the action or practices complained of." *Jones v. Calvert Grp., Ltd.*, 551 F.3d at 300 (internal quotation marks omitted).[4] After the EEOC provides its final decision, the

---

[4] "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "Only those discrimination claims . . . reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Id.* (internal quotation marks

complainant may appeal to the OFO or "opt-out of the administrative process at this point by filing a de novo civil action." *Laber v. Harvey*, 438 F.3d 404, 416 & n.9 (4th Cir. 2006) (citing 29 C.F.R. §§ 1614.401(a), 1614.407(a); 42 U.S.C. § 2000e–16(c)).

If the complainant pursues an OFO appeal, she may then only file an action in federal court (1) within 90 days of a final decision on the appeal or (2) any time after 180 days from the date of filing her appeal. *See* 29 C.F.R. § 1614.407(c) & (d); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150–52 (1984); *Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993) ("delivery of a right-to-sue letter to a plaintiff's home triggers the [ninety-day] limitations period") (citing *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987)); *Avery v. Astrue*, No. CIV. WDQ-11-2612, 2012 WL 1554646, at *3 (D. Md. Apr. 27, 2012). "Once a complainant has chosen to appeal a final agency action for review by the EEOC, the complainant is committed to that course of action, and cannot abandon administrative review in favor of bringing a civil action." *Fleming v. Potter*, Case No. 2:04cv444, 2005 WL 1185806, at *5 (E.D.Va. May 17, 2005) (district court lacked jurisdiction because plaintiff had appealed to the OFO and "was bound to wait either for a decision . . . or for 180 days to pass with no such decision").

### 3. Plaintiff's Rehabilitation Act Claim

On March 3, 2015, the administrative judge found that Defendants had not discriminated against Plaintiff. ECF No. 23-17. Plaintiff was served with this written determination on March

---

omitted); *see also Melson v. Salazar*, 377 F. App'x 30, 31 (D.C. Cir. 2010) (per curiam) (affirming finding that conversion of administrative judge's decision into final agency action triggered the limitations period).

24, 2015. ECF No. 23-17 at 58. Included within the administrative judge's decision was a

conspicuous notice of appellate rights:

> This is a decision by an Equal Employment Opportunity
> Commission Administrative Judge issued pursuant to C.F.R. [§]
> 1614.109(b), 109(g) or 109(i). With the exception detailed below,
> the Complainant may not appeal to the Commission directly from
> this decision. EEOC regulations require the Agency to take final
> action on the complaint by issuing a final order notifying the
> Complainant whether or not the Agency will fully implement this
> decision within forty (40) calendar days of receipt of the order
> entering judgment and this decision. The Complainant may appeal
> to the Commission within thirty (30) calendar days of receipt of
> the Agency's final order. [ ]
>
>          * * *
>
> If the Agency has not issued its final order within forty (40)
> calendar days of its receipt of the order entering judgment and this
> decision, the Complainant may file an appeal to the Commission
> directly from this decision. [ ] *Id.* at CE067 (underscoring in
> original; italics added).

ECF No. 23-17 at 3.

      Plaintiff did not wait, however, for the Agency to take final action. Instead, she filed a

premature appeal with the OFO on April 2, 2015. ECF No. 23-18.

      The Agency adopted the administrative judge's decision as its final decision on June 10,

2015, more than 40 days after the administrative judge's decision. ECF No. 23-19. By operation

of law, because the Agency did not issue its final order within 40 days of receiving the

administrative judge's decision, the administrative judge's decision became the Agency's final

action on April 12, 2015. *See* 29 C.F.R. § 1614.109(i) (clarifying that if "an agency does not

issue a final order within 40 days of receipt of the administrative judge's decision . . . then the

decision of the administrative judge shall become the final action of the agency"). The Agency

provided Plaintiff a copy of its final action, which included a detailed statement of appellate

rights, including the right to file a civil action in federal court within 90 days. ECF No. 23-19.

Plaintiff had until July 11, 2015 (90 days from the date the administrative judge's decision became final) or until September 8, 2015 (90 days from her receipt of the Agency's June 10, 2015 final order containing a full statement of appellate rights), to commence this action. Alternatively, once Plaintiff noted her appeal to the Agency, she could have filed suit after 180 days from the *filing of her appeal. See* 29 C.F.R. § 1614.407(c) & (d). Here, plaintiff withdrew her appeal on October 2, 2015 before the 180 days had passed but after the 90-day deadline. The decision to withdraw her appeal, therefore, left Plaintiff without recourse. *See Thomas v. McHugh*, No. CIV. 12-00535 LEK, 2014 WL 2968689, at *3 (D. Haw. June 30, 2014) ("[T]he Court finds that, once she decided to take the appeal and she let the ninety-day filing deadline lapse, the law required Thomas to see her appeal through to a decision or at least wait 180 days.") (footnote omitted). *See also Avery*, 2012 WL 1554646, at *3 ("Because he did not wait 180 days or for a decision on his appeal, the Court must dismiss this action for lack of subject matter jurisdiction."); *Fleming v. Potter*, Case No. 2:04cv444, 2005 WL 1185806, at *5 (E.D.Va. May 17, 2005); *Gillyard v. Geithner*, 2012 WL 2036504, at *5 (E.D. Pa. June 5, 2012) ("To allow Plaintiff to withdraw his appeal and file a civil complaint outside of the specified time limits of § 1614.407 would undermine the administrative process.").[5] Thus, because Plaintiff failed to exhaust administrative remedies by adhering to the filing deadlines, dismissal is warranted.

---

[5] The Court notes that Plaintiff has included incidents from 2009 to 2011 in her allegations. Plaintiff claims that she was admonished and ridiculed for her mental disability on two separate occasions in November 2009. Plaintiff filed no administrative complaints as to these incidents, and the time for filing any such complaints has long since expired. Therefore, neither incident could properly support a suit in this Court. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2008) (internal quotation marks omitted); *Kim v. Potter*, DKC-09-2973, 2010 WL 2253656, at *4 (D. Md. June 2, 2010); *Fleming v. Potter*, No. CIV.A. 2:04CV444, 2005 WL 1185806, at *7 (E.D. Va. May 17, 2005).

### 4.   Equitable Tolling

The 90-day limitation period is subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987); *Watts-Means*, 7 F.3d at 42. Equitable tolling is restricted to cases in which the plaintiff has satisfied his or her burden of proving: (1) that she has pursued her rights diligently; and (2) that some extraordinary circumstances  prevented the timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Irwin*, 498 U.S. at 96 ("Federal courts have typically extended equitable relief only sparingly."); *accord Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (Equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Irwin*, 498 U.S. at 96).

Here, Plaintiff contends that she misconstrued the import of the 180-day mark and waited 180 days after receiving the EEOC's final order. ECF No. 28 at 1. But the language of §§ 1614.407(b) and (d) which was appended to the final order, explicitly provides that a party must wait 180 days to file a federal action "from the date of filing an appeal with the Commission if there has been no final decision by the Commission." ECF No. 28-1 at 4; *see also* ECF No. 28 at 1.[6] Plaintiff's claimed misread does not amount to extraordinary circumstances sufficient to support equitable tolling. Accordingly, Plaintiff's Rehabilitation Act claims must be dismissed.

---

[6] The same notice also provides that Plaintiff must wait 180 days "if an appeal has not been filed and final action has not been taken," an alternative not implicated by this case.  ECF No. 28-1 at 4.

**C.      Defendant's Motion to Dismiss Plaintiff's ADA, FMLA, § 1983 Claims**

Plaintiff's causes of action under the ADA, FMLA, and 42 U.S.C. § 1983 are founded upon her allegations of disability discrimination while she was employed by the Agency. Because "the Rehabilitation Act is the exclusive means by which a plaintiff may raise claims against federal agencies relating to disability discrimination," Plaintiff cannot as a matter of law, pursue these independent causes of action. *Berkner v. Blank*, DKC-12-1390, 2013 WL 951562, at *8 (D. Md. Mar. 11, 2013), *aff'd sub nom.*, *Berkner v. Pritzker*, 561 F. App'x 279 (4th Cir. 2014); *Perry v. United States*, TDC-14-2862, 2015 WL 3558081, at *3 (D. Md. June 2, 2015) ("the Rehabilitation Act is the sole judicial remedy for federal employees alleging disability discrimination"); *Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) (federal agency not subject to suit under ADA because Rehabilitation Act is the "exclusive means" by which a Plaintiff may raise claims of disability discrimination).

With respect to Plaintiff's § 1983 claim, the Rehabilitation Act's "comprehensive remedial schemes . . . bar identical claims made pursuant to section 1983 involving the same predicate incidents of discrimination." *Peter B. v. Sanford*, No. CIV.A. 6:10-767-RBH, 2010 WL 5684397, at *5 (D.S.C. Dec. 6, 2010), *report and recommendation adopted*, No. C.A. 6:10-CV-00767, 2011 WL 347019 (D.S.C. Feb. 1, 2011) ("Various circuit courts of appeals have agreed that the comprehensive remedial schemes of the ADA and the Rehabilitation Act bar identical claims made pursuant to Sections 1983 involving the same predicate incidents of discrimination.") (citing *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011–12 (8th Cir. 1999); and *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1530–31 (11th Cir. 1997)); *cf. H. R. v. Hornbeck*, 524 F. Supp. 215, 222 (D. Md. 1981) (cited favorably in *Zombro v. Baltimore*

12

*City Police Dep't*, 868 F.2d 1364, 1367 (4th Cir. 1989)) ("To assert as a constitutional claim the selfsame rights which Congress has endeavored to protect through specific statutory schemes [is prohibited] . . . until the remedies provided by the administrative process have been exhausted.").

For different reasons, Plaintiff is also precluded from bringing an action against the Agency directly under the ADA. 42 U.S.C. § 12111(5)(B)(i). This is because the Rehabilitation Act incorporates the ADA's substantive standards in determining whether the Agency has engaged in disability discrimination. *Brown v. Henderson*, 6 F. App'x 155, 156 (4th Cir. 2001) (the Rehabilitation Act "is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination.") (quoting *Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995)).

Moreover, Plaintiff, as a former federal employee covered by Title II of FMLA, cannot bring a private cause of action redress an alleged FMLA violation. *Davis v. Thompson*, 367 F. Supp. 2d 792, 800 (D. Md. 2005) (citing *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997)). This is so because "the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions." *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999). Accordingly, Plaintiff's causes of action under the ADA, FMLA, and 42 U.S.C. § 1983 must be dismissed.

**IV. CONCLUSION**

In sum, as to Plaintiff's Rehabilitation Act claim, Plaintiff did not fully exhaust her administrative remedies, and the Court does not have subject matter jurisdiction. Further, the Rehabilitation Act is Plaintiff's exclusive remedy, and Plaintiff cannot bring a cause of action against the Defendants under the ADA, FMLA, and 42 U.S.C. § 1983. Accordingly, Defendants' motion shall be granted. A separate order will follow.

2/6/2017                                                                      /S/
Date                                                           Paula Xinis
                                                               United States DistrictDistrict Judge